UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KESTLER,<br>        Plaintiff,<br>    v.<br>CITY OF SANTA ROSA, et al.,<br>        Defendants. | Case No. 15-cv-01361-TEH<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |

Before the Court is Plaintiff's motion for leave to file an amended complaint. Having carefully considered the parties' written arguments, the Court finds this matter suitable for resolution without oral argument and hereby VACATES the June 6, 2016 hearing. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court hereby GRANTS Plaintiff's motion.

**BACKGROUND**

This action arises out of an incident that occurred on April 11, 2013, where Santa Rosa Police Officers Kertianis and Farrington, along with Officer Kyle Boyd, allegedly used excessive force in removing Plaintiff Brian Kestler ("Plaintiff") from his home and placing him under arrest. Plaintiff filed his original complaint on March 24, 2015 against Defendants City of Santa Rosa and Officers Kertianis and Farrington, as well as Doe Defendants 1-25. Compl. (Docket No. 1). The complaint alleges that Plaintiff was questioned by the defendant officers, and then was pulled out of his home and assaulted by Officer Farrington. Compl. ¶¶ 12-16. The complaint further alleges that "[a]dditional City of Santa Rosa Police Officers arrived and assisted Officer Ferrington [*sic*] by hog-tying [Plaintiff]." Compl. ¶ 17.

The Santa Rosa Police Department's incident report, obtained during related criminal proceedings, provides additional detail. Incident Rept., Ex. 4 to Lacy Decl.

1  (Docket No. 37-4).  The incident report clarifies that Officer Boyd was one of the officers
2  who arrived on the scene to assist Officer Farrington in restraining Plaintiff.  *Id.* at 5, 7.
3  The incident report indicates that when Officer Boyd arrived, Officer Farrington was
4  holding Plaintiff face down on the ground, but that Plaintiff was still resisting and
5  thrashing his legs.  *Id.*  The incident report further indicates that in order to subdue
6  Plaintiff, Officer Boyd "delivered approximately three flashlight-jab strikes" to Plaintiff's
7  mid-section.  *Id.* at 5.

8        The parties are currently involved in fact discovery.  On March 8, 2016, Plaintiff
9  deposed Defendant Officer Farrington.  Mot. at 6 (Docket No. 36).  During Officer
10 Farrington's deposition, Plaintiff's counsel asked Officer Farrington whether he felt
11 confident that he was safe while restraining Plaintiff, at the time Officer Boyd arrived on
12 the scene.  Farrington Depo. Transcript, Ex. 5 to Lacy Decl. at 4 (Docket No. 37-5).
13 Officer Farrington replied: "I felt confident that [Plaintiff] couldn't harm me from that
14 position, that is correct, yes."  *Id.*

15       Plaintiff now moves to amend the complaint, in order to substitute Officer Boyd for
16 one of the Doe Defendants, and to allege additional facts relating to Officer Boyd's
17 involvement in the incident.  Defendants timely opposed the motion, and Plaintiff timely
18 replied.  Opp'n (Docket No 40); Reply (Docket No. 42).

19

20 **LEGAL STANDARD**

21       After the time has passed for a party to amend a pleading as a matter of course, the
22 party may only amend further after obtaining leave of the court, or by consent of the
23 adverse party.  Fed. R. Civ. P. 15(a).  "The court should freely give leave when justice so
24 requires."  Fed. R. Civ. P. 15(a)(2).  "[T]his policy is to be applied with extreme
25 liberality."  *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)
26 (quotation omitted).  "Courts may decline to grant leave to amend only if there is strong
27 evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated
28 failure to cure deficiencies by amendments previously allowed, undue prejudice to the

United States District Court
Northern District of California

2

1 opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'"
2 *Sonoma Cnty. Ass'n of Ret. Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013)
3 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Of these so-called *Foman* factors, prejudice is the weightiest and most important. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id*. Evaluation of the *Foman* factors "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

**DISCUSSION**

Plaintiff contends that when he filed the original complaint, he was "unaware of the roles each of the individual officers played" in the incident. Mot. at 6. Plaintiff asserts that prior to Officer Farrington's deposition, "the nature of Officer Boyd's use of force was uncertain" – namely, that Plaintiff was in a subdued position when Officer Boyd struck him. *Id.* at 7. Courts have interpreted California Code of Civil Procedure Section 474, which governs the amendment of pleadings, to allow amendment "[i]f the identity of the Doe defendant is known but, at the time of the filing of the complaint the plaintiff did not know facts that would cause a reasonable person to believe that liability is probable." *Bolbol v. City of Daly City*, No. 09-CV-1944-EMC, 2011 WL 3156866, at *4 (N.D. Cal. July 26, 2011) (quoting *McOwen v. Grossman*, 153 Cal. App. 4th 937, 943 (2007)).

Defendants argue that Plaintiff knew about Officer Boyd's role in the incident at least since August 8, 2013. Opp'n at 2. On August 8, 2013, Plaintiff's criminal defense attorney filed a *Pitchess* motion and accompanying declaration, in which he stated: "Defendant asserts that he was the victim of an unprovoked attack and brutality at the hands of [Officers Farrington, Boyd, Kertianis, and Siwy]." Ex. B3 to Fritsch Decl. at 2 (Docket No.41-5). Therefore, according to Defendants, Plaintiff already knew at that time that Officer Boyd had attacked him, unprovoked.

United States District Court
Northern District of California

The Court disagrees, however, with Defendant's reading of the declaration. The Court finds that the language used in the declaration – listing the officers whose names appeared in the incident report as having attacked him – does not establish that Plaintiff knew the specific facts as to Officer Boyd's involvement at the time of filing the *Pitchess* motion. Even the incident report itself is somewhat muddled. Officer Farrington's narrative in the incident report states: "I was confident that [Plaintiff] would not be able to harm me if I maintained control of this position [on top of Plaintiff, who was on the ground]," but then he also states that he requested backup, and that later, Officer Boyd's "strikes subdued [Plaintiff] and he stopped kicking." Incident Rept. at 5. Officer Boyd's narrative states that when he arrived, Plaintiff "was twisting his body and moving his legs in what appeared to be an attempt to get away from Officer Farrington." *Id.* at 7.

## I.     The *Foman* Factors Favor Granting Leave to Amend

Defendants assert that Plaintiff's proposed amendment would be futile, because all of the causes of action in the complaint are subject to a two-year statute of limitations. Opp'n at 7; *see* Cal. Code Civ. P. § 335.1. However, after the statute of limitations has run, an amendment may be deemed filed as of the date of the original complaint "provided recovery is sought in both pleadings on the same general set of facts." *Austin v. Mass. Bonding & Ins. Co.*, 56 Cal.2d 596, 600 (1961).[1] Plaintiff's claims against Officer Boyd are clearly based on the same incident; therefore any amendment would relate back to the original complaint.

Defendants also argue futility on the basis that there is no evidence of injury to Plaintiff. Opp'n at 9. However, the Court's inquiry into whether an amendment would be futile is separate from ruling on the merits of a cause of action. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid

---

[1] The Ninth Circuit has squarely held that where, as here, the plaintiff seeks to assert claims under 42 U.S.C. § 1983, the question of whether such claims can be related back to the original complaint must be determined under California, not federal, law. *Merrit v. Cty. of Los Angeles*, 875 F.2d 765, 768 (9th Cir. 1989).

1    and sufficient claim or defense."). At this time, the Court does not find that Plaintiff's
2    claims against Mr. Boyd would be barred as a matter of law; therefore, Defendants have
3    not made the "strong showing" of futility required to overcome the presumption of
4    granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052.

5        Defendants further argue that Plaintiff should not be granted leave to amend the
6    complaint on the basis of undue delay. Opp'n at 9. Defendants remind the Court that
7    Plaintiff has been represented by "exceptional and well-qualified lawyers" since one week
8    after the incident occurred, over 38 months ago. *Id.* However, the Court finds that
9    Plaintiff's contention reasonable: that he was unaware of Officer Boyd's potential liability
10   until Officer Farrington directly stated that Plaintiff was already subdued. Therefore, with
11   all inferences made in favor of granting leave to amend, the Court finds that there was not
12   undue delay, because Plaintiff filed the instant motion less than two months after the
13   deposition occurred.

14       Finally, Plaintiff asserts that granting leave to amend would not unduly prejudice
15   Defendants. In opposition, Defendants only argue that amendment would be futile and
16   result in undue delay; they take no position on prejudice. The Court agrees with Plaintiff.
17   The proposed amendment would not substantially alter the relief or causes of action in the
18   original complaint, and at this early stage of litigation, such amendment would not greatly
19   affect discovery or other deadlines in the case.

20   **II.   Judicial Estoppel Does Not Bar Amendment**

21       Defendants argue that the language provided in Plaintiff's *Pitchess* motion in
22   Superior Court is "clearly irreconcilable" with Plaintiff's position in the instant motion,
23   and therefore the Court should deny leave to amend based on judicial estoppel. Opp'n at
24   8-9. "[J]udicial estoppel, 'generally prevents a party from prevailing in one phase of a
25   case on an argument and then relying on a contradictory argument to prevail in another
26   phase.' " *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Pegram v.*
27   *Herdrich*, 530 U.S. 211, 227 n.8 (2000)). However, as noted above, the Court disagrees
28   with Defendants' reading of the two arguments, and does not find them to be clearly

irreconcilable. The Court is not convinced that Plaintiff is "playing fast and loose with the courts" such that judicial estoppel would be applicable here. *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990).

### III. Plaintiff May Amend the Complaint

Plaintiff's proposed amendment is not futile, and none of the other factors such as prejudice or undue delay are present here. Accordingly, as leave to amend should be freely given, Plaintiff may amend the complaint by filing the proposed First Amended Complaint for Damages, filed concurrently with the instant motion. Ex. 1 to Lacy Decl. (Docket No. 37-1). Plaintiffs amendment will also remove Defendant Joshua Kertianis; thus serving to DISMISS all claims against Defendant Joshua Kertianis, as stipulated by the parties.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion is GRANTED. Plaintiff may file his proposed "First Amended Complaint for Damages" no later than **June 10, 2016.** Plaintiff's amendment will relate back to the date of the original complaint. Plaintiff's claims against Defendant Joshua Kertianis are DISMISSED.

**IT IS SO ORDERED.**

Dated: 06/02/16 _____
THELTON E. HENDERSON
United States District Judge